IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELA P. LANE                                  :
                                                :
v.                                              :    CIVIL NO. CCB-05-2451
                                                :    Consolidated: CCB-05-2465
PROVIDENT BANK OF MARYLAND    :
                                          ...o0o...

## **MEMORANDUM**

In its well documented and thorough motion for summary judgment, defendant Provident Bank of Maryland argues that pro se plaintiff Angela Lane has no persuasive support for the claims of discrimination she filed against the Bank, which terminated her employment in August 2005. Ms. Lane's opposition to the motion also has been considered, together with Provident's reply. No hearing is necessary. Local Rule 105.6. For the reasons that follow, judgment will be entered in favor of Provident.

Ms. Lane's consolidated complaints appear to have been correctly interpreted by Provident as raising the following issues: hostile work environment, failure to promote, and termination, all based on race, color, religion, sex, age, and disability; and retaliation for filing charges of discrimination in November 2004 and for later seeking FMLA leave. Initially, the claims based on religion, age, and disability are subject to dismissal because Ms. Lane did not raise them in her administrative proceedings before the Equal Employment Opportunity Commission ("EEOC") and the Baltimore Community Rights Council ("BCRC"). *See Chacko v. Patuxent Institution*, 429 F.3d 505, 509 (4th Cir. 2005).

Further, in regard to all her claims, Ms. Lane has failed to proffer affidavits or other admissible evidence in compliance with Fed. R. Civ. P. 56(e), despite a specific letter of instruction from the court. *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). Nor can her

own typed statement submitted with various other papers in opposition to the Bank's motion be relied on to contradict prior sworn testimony at her deposition. *See Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 198 (4th Cir. 1997).

Review of the affidavits, deposition testimony, and numerous business records submitted by the Bank show that Ms. Lane's performance over the years from her hiring in February 2002 to her firing in August 2005 was inconsistent, as she generally did well on sales and account management goals but less well on issues of attendance and personal interactions with co-workers.  On several occasions throughout 2004 she was placed on Performance Improvement Plans related to her attendance and/or behavior.  Accordingly, she was not found qualified for promotion to a Financial Consultant position for which she expressed interest in August 2004. Nonetheless, when she applied for a promotion in February 2005 involving a transfer to another branch of the Bank, her supervisor supported her application without informing the branch manager that Ms. Lane had filed a charge with the BCRC in November 2004.  Ms. Lane received the promotion and began to work with a new group of Provident employees in March 2005. Unfortunately, by May 2005, her new supervisors noted problems with Ms. Lane's failure to follow required call-in procedures for an unscheduled absence and with unprofessional communications with customers.  She was placed on a Performance Improvement Plan in July and terminated in August after failing to call in for two days of unscheduled absence.  Her request for FMLA leave for an absence due to stress in May was denied in July for failure to submit medical certification as required.

This chronology of events is undisputed by any competent evidence from Ms. Lane. Even assuming she could establish a *prima facie* claim for her termination, the failure to promote

her to a Financial Consultant position, or for retaliation after the filing of her claim, she offers no evidence of pretext to rebut the legitimate non-discriminatory reasons offered by Provident for its decisions, much less evidence of pretext that would permit an inference of discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142-48 (2000); *Rowe v. Marley Co.*, 233 F.3d 825, 829-31 (4th Cir. 2000). Moreover, the incidents of "harassment" alleged by Ms. Lane, even assuming they occurred, do not rise to the pervasive and severe level required to prove a claim of hostile work environment. *See Hartsell v. Duplex Products Inc.*, 123 F.3d 766, 772 (4th Cir. 1997).

    A separate Order follows.

    October 20, 2006　　　　　　　　　　　　　　　　　　/s/
          Date　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge